*458 The opinion of the Court was delivered by
Wardlaw, J.
In this case it is not denied that the father is a person.in every way fit to take charge of his son, the infant in question. Circumstances render the separation of the infant from his aged and respectable grandfather very painful: but the affidavits, which were exhibited to the Judge below and have been read here, satisfy this Court as they did him, that the interest of the infant will not suffer from the separation.
The father lives in Alabama, and now has his son with him there. His right to retain him is unquestionable; and notwithstanding the grounds of the appeal taken by the grandfather seem to deny that under the circumstances the father was entitled to the custody of his child, the argument has gone only to the extent of objecting to so much of the proceedings had below, as has been construed into an order that the body of the infant boy, now fifteen years old, should be delivered by the grandfather into the possession of thefather. A decision in favor of the appellant, of the abstract question which has been made, would not restore the boy to the grandfather, nor affect the legal rights of the father: and although we are not able to perceive what other good is expected from it, we are unwilling to believe that it is sought in anticipation of further strife, which might ensue, if possession were again acquired and maintained in opposition to the •will of the father.
If delivery to the father of the body of the infant was finally ordered below, (as it had been under the order of ■October 16, which was suspended October 21,) and was a matter within the discretion of the Judge below, then this Court perceives no reason for dissatisfaction with the exercise of discretion which was made. /
According to the oft-recited expressions of Lord Mansfield,;’ in Rex vs. Delaval, 3 Burr. 1436, the delivery to the father was within the discretion of the Judge to whom the habeas *459 corpus was returned. In our case of Kottman, 2 Hill 364, Chancellor Harper seems to give more weight to the dicta in the case of Rex vs. Smith, 2 Stra. 982, than Lord Mansfield had done, and, perhaps, to hold that “ the office of the Court is to discharge the infant from, illegal restraint, and the discretion is to protect the infant in returning” — . The difference is extremely slight. A Judge, before whom the writ of habeas corpus has been returned, finding that the body of an infant has been brought up by a person who does not show a legal right to retain it, is bound to discharge all unlawful restraint. Having done so, he may stop, where the infant has sufficient understanding to choose a protector. If a question as to the validity of a marriage (1 Stra. 444), or the right of guardianship (1 Stra. 579), or the like is involved in the dispute about the possession of such infant, such question will not ordinarily be decided in a summary way by affidavits (2 Stra. 982), but the infant will be left free to exercise a choice, and be protected redeundo according to that choice. Even where one party is the father, and his legal right to the possession would, without special circumstances, be clear, if circumstances show that restitution of possession to him would be disadvantageous to the infant, or that his purpose in seeking the possession is in any way evil, the Judge in the exercise of his discretion, may protect the infant redeundo in freedom (Kottman’s case, and others above cited). But where nothing’ appears to oppose the father’s clear right, and the Judge stops after simply discharging the illegal restraint which another had imposed, the order of discharge, •as Chancellor Harper has said, amounts only to this, that the father being present may take possession and government of the infant.
It has been urged here that the Judge should inform an infant that is of the age of choice, that he is at liberty to go where he pleases, and that this information, if nothing else be said, is contained in the simple order of discharge. This is *460 true, if by liberty of locomotion is meant no more tban freedom from illegal restraint. But if by tbis liberty is meant a protection from lawful control, then the granting of it is an exercise of discretion, wbicb must be warranted by circumstances. An infant is subject to tutelage, and even where possessed of a strong will, is not considered by the law to have discretion for the unrestrained direction of his conduct. A Judge would greatly mislead, and might seriously injure a youth of fifteen, by telling him that he was free to go where he pleased, if room was left for the misconstruction that he was not bound to obey his father. An infant so told might, if nothing else was said, be seized by the father in the presence of the Judge, and be subjected to such restraint and chastisement as would be necessary for the maintenance of parental authority. A struggle between parties might ensue, and the very illegal restraint from which the infant had just been discharged might be re-established. It is wise and better then for the Judge, when no reason for interfering with the father’s right appears, to express what would be implied by the simple order of discharge. That, and no more was done in this case. A full conference between the Judge and the infant took place — the yielding of possession by Mr. Clark was directed and upon that, the right of the father to take and retain possession, which would have followed by law, was declared, to prevent misapprehension and indecent struggle. The inhibition of 'attempt on the part of Mr. Clark to regain possession against the will of the father, was no more than the declaration of a purpose to enforce the order, which had been made, discharging the illegal custody and presumed restraint to which the infant had been subjected.
The motion is dismissed.
"WhitNer, Glover and Muwro, JJ., concurred.

Motion dismissed. .